FILED

2008 MAR 20 PM 12: 32

1  Leslie Cowan (State Bar No. 246413)
   leslie.cowan@suicidegirls.com
2  SG SERVICES, INC.
   6121 Santa Monica Blvd. Ste. 102
3  Los Angeles, CA 90038
   Telephone: (323) 667-9000
4  Facsimile: (323) 962-6999

5  Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SG SERVICES, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOD'S GIRLS, LLC, an Arizona corporation,<br><br>Defendant. | Case No.:<br>**CV08-01873 ODW (JWJx)**<br><br>**COMPLAINT**<br>(False Designation of Origin– Lanham Act; Trademark Dilution – Lanham Act; False Advertisement – Lanham Act; Trademark Infringement – Lanham Act and Common Law; California Statutory Unfair Competition)<br><br>**Demand for Jury Trial** |

SG Services, Inc. ("SG"), for its complaint against Defendant God's Girls, LLC, ("God's Girls"), alleges as follows:

**JURISDICTION AND VENUE**

1.

This Court has exclusive jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1338(a) and (b) and this Court's supplemental jurisdiction.

2.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this Judicial District. Personal jurisdiction also is proper since defendant is doing business

Page 1 - COMPLAINT

in the State of California and plaintiff has sustained or will sustain damages in this state.

## THE PARTIES

3.

At all material times herein, SG is and was a corporation organized under the laws of the State of Oregon, qualified to do business and doing business in the State of California. SG owns and operates an enormously popular on-line, web-based community located at www.suicidegirls.com (the "SG site") that features news, journals, interviews, and photos of models selected by and approved by SG (the "SG Models").

4.

At all material times herein, God's Girls, LLC is and was an Arizona limited liability company doing business in the State of California.

## GENERAL ALLEGATIONS

5.

Plaintiff is the owner of United States trademark registration number 2779128 for the word "SuicideGirls," which is valid and subsisting and constitutes prima facie evidence of the validity of the registered mark, of the registration of said mark, of plaintiff's ownership of said mark, and of plaintiff's exclusive right to use the mark in commerce.

6.

In September 2001, SG launched an on-line, web-based community located at www.suicidegirls.com (the "SG Website"), which supports and provides a novel alternative to traditional images of women, as models and otherwise, and the

associated concepts of women's beauty and sexuality. SG has been recognized as an innovator in its use of community features such as news, journals and interviews, in conjunction with its photo gallery of models.

7.

Plaintiff's SuicideGirls mark is inherently distinctive and is famous among the relevant consuming public. Further, as a result of the long-term and continuous use of the SuicideGirls mark, the commercial success in the sale of memberships to the SG site and associated products offered under this mark, as well as the substantial advertising and promotional efforts made in connection therewith, the SuicideGirl mark enjoys enormous secondary meaning. The trade and purchasing public have come to favorably know, recognize and identify the SG Site and SuicideGirls mark as originating with Plaintiff. Plaintiff's SuicideGirls mark has come to represent the very substantial and valuable goodwill and reputation of Plaintiff.

8.

Since September 12, 2005, defendant God's Girls has been the registrant of record for www.godsgirls.com ("defendant's site"), which was launched in 2006 by Annaliese Nielsen ("Nielsen"). Nielsen remains responsible for its day-to-day operations, while Gavin Lloyd continues to finance defendant's site. God's Girls is a copycat site of the SG Site, with similar features, products, subject matter and models who emulate the SG model look and attitude.

9.

SG uses its mark in various contexts on the Internet in order to promote its website and other products and services associated with its brand. One of the areas where SG uses its mark is www.youtube.com ("YouTube"). YouTube is one of the most

popular websites on the Internet, which allows users to upload videos they create onto the Internet for other users worldwide to view.

10.

When a user uploads a video to YouTube, they can also add descriptive textual information, like a title, description and "tags" (one or two word terms about the video that describe it). This associated descriptive information is displayed alongside the video. By describing the videos in this manner, the author allows other users to search YouTube and find the author's video. For example, if a user uploads a video that shows them jumping off a ski jump, they might use "My Big Ski Jump" as a title, have a description that says "Here is my video showing me jumping off a ski jump and doing a great trick," and include tags like "skiing" "ski jump" and "ski tricks." That way, other users who are interested in this type of video can use the YouTube "search" feature (also known as a "search engine") to search for these terms and find the video on YouTube.

11.

As defined by YouTube "[t]ags are an associative heuristic for interest." A tag is a specific kind of link chosen to describe content. Tags help YouTube users locate content, either by searching indexes or browsing through videos tagged with the same word. Users may also subscribe to be alerted whenever a new video is added that has been tagged with a word or words the user chooses to describe content relevant to the user's interests.

///

///

///

12.

The use of YouTube video tagging and descriptions is not limited to YouTube searches. For example, the popular Internet-wide search engine Google will also retrieve YouTube videos that have been tagged with the requested search terms.

13.

SG uploads videos to YouTube that it deems represent SG's brand. SG also uses its YouTube account to operate a webpage on YouTube, known as a "channel," which SG has designed to be consistent with its brand by displaying its trademark and incorporating other elements of its trade dress. SG uses its "SuicideGirls" trademark to tag its affiliated and sponsored videos on YouTube. In addition to identifying SG as the source or sponsor of the tagged content, the "SuicideGirls" tags provide a means for YouTube users to locate additional information about SG by clicking on the "SuicideGirls" trademark to view other videos and associated video information that is likewise tagged with the "SuicideGirls" trademark.

14.

Posting a video and associated video information on YouTube can be, and actually is, used for commercial promotion. The potential to abuse this commercial opportunity by misleading the public is recognized in YouTube's Community Guidelines, which are posted at http://www.youtube.com/t/community_guidelines and which include the specific instruction, "Do not create misleading descriptions, tags, titles or thumbnails in order to increase views."

15.

Defendant God's Girls also promotes its site by posting promotional videos on YouTube.

16.

Defendant has used SG's trademark "SuicideGirls" as a tag on at least two promotional videos defendant posted on YouTube through Nielsen. Defendant also uses the tags "suicide" "girls" and "godsgirls."

17.

Defendant's use of SG's mark creates the misleading impression that defendant, its website and products are sponsored or otherwise affiliated with SG.

18.

The content of the promotional YouTube videos and the associated textual information refer to defendant's website and other websites defendant uses to promote its site, such as online discussion or "chat" groups operated by defendant through community-based websites, including MySpace.com (www.myspace.com/godsgirls) and Live Journal (www.livejournal.com/community/gods_girls) (collectively, the "Groups")

19.

Defendant deliberately set out to exploit and trade upon plaintiff's goodwill by seeking to divert and direct consumers who were searching for plaintiff's famous SuicideGirls mark to defendant's own website advertisements so defendant could use its promotional materials to sell memberships to defendant's site and products to consumers who were there only due to the initial confusion created by defendant's actions. Defendant's misleading use of the trademark is sufficient to capture and continues to divert the interest of consumers who would not otherwise be aware of defendant's videos and its website and the information about defendant contained therein.

20.

Defendant deliberately set out to cause Internet and YouTube search engines to divert and incorrectly direct consumers using the Internet to search for and locate plaintiff's famous SuicideGirls website and associated content to its own content and competing web site where it could sell memberships and products to customers who were originally searching for SuicideGirls products.

21.

SG contacted defendant and demanded it remove the YouTube web pages it created and tagged with SG's mark. To date, defendant has not complied with that demand.

22.

The content and quality of the videos defendant tagged with SG's trademark is inconsistent with the quality and content of the videos on YouTube that are actually associated with SG. The confusion caused by defendant's use of SG's trademark has caused and continues to cause tarnishing of SG's trademark.

23.

The YouTube video pages that defendant created and tagged with SG's mark continue to be propagated on the Internet through the means described above, which causes ongoing consumer confusion and tarnishes SG's trademark.

24.

Defendant is not an agent, partner, licensee or affiliate of plaintiff and plaintiff has never authorized or endorsed any of defendant's products or services and does not provide sales or operations support to defendant.

///

25.

Defendant's use of plaintiff's trademark SuicideGirls as a tag to cause its YouTube promotional videos to be listed with plaintiff's in response to search engine queries has led and is likely to continue to lead to confusion with plaintiff's products and services, and wrongfully trades on plaintiff's goodwill.

26.

Defendant's willful, knowingly false, and misleading uses of the SuicideGirls mark are likely to mislead and deceive consumers and have caused and will continue to cause grave and irreparable injury to plaintiff's valuable trade name, service mark rights, and reputation with consumers.

### FIRST CLAIM FOR RELIEF

### (Federal Unfair Competition/False Designation of Origin, 15 U.S.C. § 1125(a); Lanham Act 543(a))

27.

SG incorporates by reference the allegations of paragraphs 1-26.

28.

SG has a federally registered mark in the words "Suicide Girls."

29.

Defendant God's Girls' use of the SG mark constitutes false designation of origin, false or misleading description, and/or false or misleading representation. Such unauthorized use is likely to cause confusion, mistake, or deception in the public as to an affiliation, connection, or association of SG with God's Girls.

///

///

30.

Defendant's unauthorized use of SG's mark in connection with defendant's website has not been approved by SG for use by defendant. Defendant is using the unauthorized marks in connection with the sale and advertising of products and services in interstate commerce.

31.

Defendant is improperly exploiting the fame and goodwill inherent in the SuicideGirl mark to find and divert potential customers away from plaintiff's web site to its own web site where it hopes to sell such customers competing products and services.

32.

Defendant's acts of unfair competition have materially injured and continue to injure plaintiff's business by, including but not limited to, depriving plaintiff of sales and customers, injuring plaintiff's reputation and goodwill, and causing plaintiff to sustain monetary damages, loss and injury.

33.

Defendant has engaged in and continues to engage in these activities knowingly and willfully.

34.

Unless defendant is restrained by this Court, defendant will continue to profit from SG's goodwill through misleading use of SG's mark causing consumer confusion regarding the source or affiliation of defendant's products.

35.

Defendant's acts have caused and are causing irreparable injury to SG, its business reputation, and the goodwill associated with its business.  SG has no adequate remedy at law and will be irreparably injured unless and until defendant is preliminarily and permanently enjoined from using SG's marks.

36.

Upon information and belief, defendant committed the acts alleged with the intent to cause confusion, or to cause mistake, or to deceive.  Under such circumstances, damages should be increased by three times the actual damage and reasonable attorney fees and costs should be assessed under 15 U.S.C. § 1117.

### SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition/Trademark Dilution, 15 U.S.C. § 1125(c); Lanham Act § 43(c))**

37.

SG incorporates by reference the allegations in paragraphs 1 through 36.

38.

SG's SuicideGirls mark is famous and distinctive.  SG began using this mark in 2001.

39.

Defendant began using the SuicideGirls mark subsequent to SG's registration and use of the mark.

40.

Defendant's use of plaintiff's trademark is diluting SG's trademark by blurring the distinctiveness of SG's mark, by tarnishing SG's reputation, and/or by causing confusion between SG's and defendant's mark.

41.

Defendant's acts of dilution and tarnishment have materially injured and continue to injure plaintiff's business by, including but not limited to, depriving plaintiff of sales and customers, injuring plaintiff's reputation and goodwill, and causing plaintiff to sustain monetary damages, loss and injury.

42.

Defendant has engaged in and continues to engage in these activities knowingly and willfully.

43.

Defendant's acts have caused and are causing irreparable injury to SG, its business reputation, and the goodwill associated with its business. SG has no adequate remedy at law and will be irreparably injured unless and until defendant is preliminarily and permanently enjoined from using SG's marks.

44.

Upon information and belief, defendant committed the acts alleged with the intent to cause confusion, or to cause mistake, or to deceive. Under such circumstances, damages should be increased by three times the actual damage and reasonable attorney fees and costs should be assessed under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition/False Advertisement, 15 U.S.C. § 1125(a); Lanham Act 543(a))

45.

Plaintiff incorporates paragraphs 1 through 44, above.

46.

By using plaintiff's SuicideGirls mark to lead consumers to defendant's promotional videos, defendant has made statements of fact in commercial advertisement or promotion that are false and are likely to mislead or confuse consumers about SG Services.

47.

Defendant has used the SG mark in interstate commerce, and the use has the tendency to deceive a substantial segment of its audience and are likely to influence the purchasing decision. As such, defendant are in violation of 15 U.S.C. § 1125(a).

48.

Defendant's false and misleading actions have materially injured and continue to injure plaintiff's business by, including but not limited to, depriving plaintiff of sales and customers, injuring plaintiff's reputation and goodwill, and causing plaintiff to sustain monetary damages, loss and injury.

49.

Defendant has engaged in and continues to engage in these activities knowingly and willfully.

50.

Defendant's false statements are likely to cause irreparable injury to plaintiff, its business reputation, and the goodwill associated with its business. Plaintiff has no adequate remedy at law and will be irreparably injured unless and until defendant is preliminarily and permanently enjoined from making false statements in connection with advertising related to defendant's business.

51.

Upon information and belief, defendant committed the acts alleged with the intent to cause confusion, or to cause mistake, or to deceive. Under such circumstances, damages should be increased by three times the actual damage and reasonable attorney fees and costs should be assessed under 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF

**(Trademark Infringement, 15 U.S.C.A. § 1114 and common law)**

52.

SG incorporates by reference the allegations in paragraphs 1 through 51 above.

53.

This claim is to remedy acts of trademark infringement and arises under 15 U.S.C.A. § 1114 and common law.

54.

There is a strong likelihood of confusion between plaintiff's SuicideGirls mark and defendant's use of the term in its tags on its promotional YouTube videos so that a keyword search would list defendant's promotional videos along with plaintiff's videos on various search engines.

///

55.

Defendant's acts of trademark infringement have materially injured and are likely to continue to injure plaintiff's business by, including but not limited to, depriving plaintiff of sales and customers, injuring plaintiff's reputation and goodwill, and causing plaintiff to sustain monetary damages, loss and injury.

56.

Defendant's acts of trademark infringement are likely to cause irreparable injury to plaintiff, its business reputation, and the goodwill associated with its business. Plaintiff has no adequate remedy at law and will be irreparably injured unless and until defendant is preliminarily and permanently enjoined from using plaintiff's mark.

57.

Defendant has engaged in and continues to engage in these activities knowingly and willingly.

**FIFTH CLAIM FOR RELIEF**

**(Unfair Competition, Cal. Civ. Code § 17200, et seq.)**

58.

SG incorporates by reference the allegations in paragraphs 1 through 57 above.

59.

In the course of its business, defendant used SG's mark thereby causing a likelihood of confusion regarding the source, sponsorship, approval, or certification of defendant's goods or services.

60.

The conduct of defendant is willful, has directly and proximately caused, and is so causing, injury to SG in its business, and has adversely affected, and is so affecting, the people of the State of California by deceiving the public as to the affiliation, connection, or association with God's Girls' goods and services.

61.

Defendant's acts of unfair competition have materially injured and are likely to continue to injure plaintiff's business by, including but not limited to, depriving plaintiff of sales and customers, injuring plaintiff's reputation and goodwill, and causing plaintiff to sustain monetary damages, loss and injury.

62.

Defendant's conduct has caused and will continue to cause irreparable injury to plaintiff, its business reputation, and the goodwill associated with its business. Plaintiff has no adequate remedy at law and will be irreparably injured unless and until defendants are preliminarily and permanently enjoined from using plaintiff's mark.

## PRAYER

WHEREFORE, SG prays for a judgment of this Court in favor of SG and against defendant as follows:

A. That Plaintiff recover from defendant damages in an amount to be determined by the Court in consequence of defendant's unlawful acts, together with appropriate interest on such damages.

B. That pursuant to Section 35 of the Lanham Act, 15 U.S.C.A. § 1117(a) plaintiff's monetary relief be trebled.

C. That pursuant to Section 35 of the Lanham Act, 15 U.S.C.A. § 1117(a) defendant be ordered to account for and to pay to Plaintiff all the gains, profits, savings and advantages realized by defendant from the acts complained of herein.

D. That plaintiff recover from defendant exemplary damages by reason of its wanton and willful acts of unfair competition.

E. That defendant furnish corrective advertising in the form of a retraction to be approved by plaintiff.

F. That plaintiff recover from Defendant an award of punitive damages in an amount to be proven at trial.

G. That plaintiff be awarded costs of suit, together with plaintiff's attorneys fees and disbursements.

H. That plaintiff be awarded such other and further relief as may be appropriate.

I. For a preliminary and permanent injunction restraining and enjoining defendant, its agents, servants, employees, successors, licensees, subsidiaries and assignees, joint venturers, and any persons in active concert or participation with any of them, from:

    (a) infringing or using, in any manner, SG's trademarks;

    (b) otherwise competing unfairly with plaintiff in any manner; and

    (c) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

///

///

///

///

## JURY DEMAND

SG respectfully demands trial by jury.

DATED this 20th day of March, 2008.

                SG SERVICES, INC.

By: _____
      Leslie Cowan, State Bar No. 246413
      Of Attorneys for Plaintiff

149225