GARY J. LORCH (State Bar No. 119989)
AARON P. RUDIN (State Bar No. 223004)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
e-mail: glorch@gordonrees.com
e-mail: arudin@gordonrees.com

Attorneys for Defendant
GOD'S GIRLS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

| | |
|---|---|
| SG SERVICES, INC., an Oregon corporation, | Case No. CV 08-1873 ODW (JWJx) |
| Plaintiff, | **DEFENDANT GOD'S GIRLS, LLC'S ANSWER TO PLAINTIFF SG SERVICES, INC.'S FIRST AMENDED COMPLAINT** |
| vs. | |
| GOD'S GIRLS, LLC, an Arizona corporation, | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant GOD'S GIRLS LLC (referred to herein as either "God's Girls" or "Defendant"), for itself and for no other defendant, person or entity, hereby answers the First Amended Complaint ("FAC") of Plaintiff SG SERVICES, INC. ("SG"), and asserts affirmative defenses, as follows:

## JURISDICTION AND VENUE

1.    Answering the allegations set forth in Paragraph 1 of the FAC, Defendant admits that the Court has jurisdiction over the claims stated in SG's First Amended Complaint pursuant to 28 U.S.C. § 1338(a) and (b) and the Court's supplemental jurisdiction.    Except as expressly admitted, Defendant denies the remaining allegations set forth in Paragraph 1 of the FAC.

2.    Answering the allegations set forth in Paragraph 2 of the FAC, Defendant admits that venue is proper in the United States District Court for the Central District of California and that Defendant is doing business in the State of California.    Except as expressly admitted,    Defendant denies the remaining allegations set forth in Paragraph 2 of the FAC.

## THE PARTIES

3.    Answering the allegations set forth in Paragraph 3 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

4.    Answering the allegations set forth in Paragraph 4 of the FAC, Defendant admits it is an Arizona limited liability company doing business in the State of California.  Except as expressly admitted, Defendant denies the remaining allegations set forth in paragraph 4 of the FAC.

## GENERAL ALLEGATIONS

5.    Answering the allegations set forth in Paragraph 5 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

6.    Answering the allegations set forth in Paragraph 6 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

7.    Answering the allegations set forth in Paragraph 7 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

8.    Answering the allegations set forth in Paragraph 8 of the FAC, Defendant admits that as of September 12, 2005, God's Girls was and is the registrant of record for the domain name www.godsgirls.com.  God's Girls further admits that Gavin Lloyd has provided financing for the www.godsgirls.com site, and further admits that Annaliese Nielsen has a role in the day-to-day operations of the site.  God's Girls further admits that it has created and operated a site that features goods and services which has a certain similarity to those offered by SG and other companies and websites.  Except as otherwise specifically admitted, Defendant denies any and all remaining allegations set forth in Paragraph 8 of the FAC.

9.    Answering the allegations set forth in Paragraph 9 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

10.    Answering the allegations set forth in Paragraph 10 of the FAC, Defendant admits that when a user uploads a video to YouTube, the user can also add certain descriptive textual information, such as a title, description and "tags." Defendant further admits that these titles, descriptions and "tags" can assist other

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

1 | users in located the author's video on YouTube. Defendant is without knowledge

2 | or information sufficient to form a belief as to the truth of the remaining

3 | allegations contained in said Paragraph and, on that basis, denies each and every

4 | remaining allegation set forth therein.

5 |      11.    Answering the allegations set forth in Paragraph 11 of the FAC,

6 | Defendant is without knowledge or information sufficient to form a belief as to the

7 | truth of the allegations contained in said Paragraph and, on that basis, denies each

8 | and every allegation set forth therein.

9 |      12.    Answering the allegations set forth in Paragraph 12 of the FAC,

10 | Defendant is without knowledge or information sufficient to form a belief as to the

11 | truth of the allegations contained in said Paragraph and, on that basis, denies each

12 | and every allegation set forth therein.

13 |      13.    Answering the allegations set forth in Paragraph 13 of the FAC,

14 | Defendant is without knowledge or information sufficient to form a belief as to the

15 | truth of the allegations contained in said Paragraph and, on that basis, denies each

16 | and every allegation set forth therein.

17 |      14.    Answering the allegations set forth in Paragraph 14 of the FAC,

18 | Defendant is without knowledge or information sufficient to form a belief as to the

19 | truth of the allegations contained in said Paragraph and, on that basis, denies each

20 | and every allegation set forth therein.

21 |      15.    Answering the allegations set forth in Paragraph 15 of the FAC,

22 | Defendant denies that it has a pattern or practice of promoting its site by posting

23 | promotional videos on YouTube.

24 |      16.    Answering the allegations set forth in Paragraph 16 of the FAC,

25 | Defendant denies each and every allegation set forth therein.

26 |      17.    Answering the allegations set forth in Paragraph 17 of the FAC,

27 | Defendant denies each and every allegation set forth therein.

28 | ///

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

18.    Answering the allegations set forth in Paragraph 18 of the FAC, Defendant denies each and every allegation set forth therein.

19.    Answering the allegations set forth in Paragraph 19 of the FAC, Defendant denies each and every allegation set forth therein.

20.    Answering the allegations set forth in Paragraph 20 of the FAC, Defendant denies each and every allegation set forth therein.

21.    Answering the allegations set forth in Paragraph 21 of the FAC, Defendant denies each and every allegation set forth therein.

22.    Answering the allegations set forth in Paragraph 22 of the FAC, Defendant denies each and every allegation set forth therein.

23.    Answering the allegations set forth in Paragraph 23 of the FAC, Defendant denies each and every allegation set forth therein.

24.    Answering the allegations set forth in Paragraph 24 of the FAC, Defendant admits it is not an agent, partner, licensee or affiliate of SG.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said Paragraph and, on that basis, denies each and every remaining allegation set forth therein.

25.    Answering the allegations set forth in Paragraph 25 of the FAC, Defendant denies each and every allegation set forth therein.

26.    Answering the allegations set forth in Paragraph 26 of the FAC, Defendant denies each and every allegation set forth therein.

## **FIRST CLAIM FOR RELIEF**

27.    Answering the allegations set forth in Paragraph 27 of the FAC, Defendant refers to and incorporates by this reference Paragraphs 1 through 26 of its Answer, as though set forth in full.

/ / /

/ / /

/ / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

28.    Answering the allegations set forth in Paragraph 28 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

29.    Answering the allegations set forth in Paragraph 29 of the FAC, Defendant denies each and every allegation set forth therein.

30.    Answering the allegations set forth in Paragraph 30 of the FAC, Defendant denies each and every allegation set forth therein.

31.    Answering the allegations set forth in Paragraph 31 of the FAC, Defendant denies each and every allegation set forth therein.

32.    Answering the allegations set forth in Paragraph 32 of the FAC, Defendant denies each and every allegation set forth therein.

33.    Answering the allegations set forth in Paragraph 33 of the FAC, Defendant denies each and every allegation set forth therein.

34.    Answering the allegations set forth in Paragraph 34 of the FAC, Defendant denies each and every allegation set forth therein.

35.    Answering the allegations set forth in Paragraph 35 of the FAC, Defendant denies each and every allegation set forth therein.

36.    Answering the allegations set forth in Paragraph 36 of the FAC, Defendant denies each and every allegation set forth therein.

## SECOND CLAIM FOR RELIEF

37.    Answering the allegations set forth in Paragraph 37 of the FAC, Defendant refers to and incorporates by this reference Paragraphs 1 through 36 of its Answer, as though set forth in full.

38.    Answering the allegations set forth in Paragraph 38 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph and, on that basis, denies each and every allegation set forth therein.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

39.    Answering the allegations set forth in Paragraph 39 of the FAC, Defendant denies each and every allegation set forth therein.

40.    Answering the allegations set forth in Paragraph 40 of the FAC, Defendant denies each and every allegation set forth therein.

41.    Answering the allegations set forth in Paragraph 41 of the FAC, Defendant denies each and every allegation set forth therein.

42.    Answering the allegations set forth in Paragraph 42 of the FAC, Defendant denies each and every allegation set forth therein.

43.    Answering the allegations set forth in Paragraph 43 of the FAC, Defendant denies each and every allegation set forth therein.

44.    Answering the allegations set forth in Paragraph 44 of the FAC, Defendant denies each and every allegation set forth therein.

## THIRD CLAIM FOR RELIEF

45.    Answering the allegations set forth in Paragraph 45 of the FAC, Defendant refers to and incorporates by this reference Paragraphs 1 through 44 of its Answer, as though set forth in full.

46.    Answering the allegations set forth in Paragraph 46, Defendant admits that SG's purported trademark infringement claim arises under 15 U.S.C. § 1114. Except as otherwise specifically admitted, Defendant denies any and all remaining allegations set forth in Paragraph 46 of the FAC.

47.    Answering the allegations set forth in Paragraph 47 of the FAC, Defendant denies each and every allegation set forth therein.

48.    Answering the allegations set forth in Paragraph 48 of the FAC, Defendant denies each and every allegation set forth therein.

49.    Answering the allegations set forth in Paragraph 49 of the FAC, Defendant denies each and every allegation set forth therein.

50.    Answering the allegations set forth in Paragraph 50 of the FAC, Defendant denies each and every allegation set forth therein.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**CASE NO. CV 08-1873 ODW (JWJx)**

1

## FOURTH CLAIM FOR RELIEF

2       51.    Answering the allegations set forth in Paragraph 51 of the FAC,

3  Defendant refers to and incorporates by this reference Paragraphs 1 through 50 of

4  its Answer, as though set forth in full.

5       52.    Answering the allegations set forth in Paragraph 52 of the FAC,

6  Defendant denies each and every allegation set forth therein.

7       53.    Answering the allegations set forth in Paragraph 53 of the FAC,

8  Defendant denies each and every allegation set forth therein.

9       54.    Answering the allegations set forth in Paragraph 54 of the FAC,

10 Defendant denies each and every allegation set forth therein.

11      55.    Answering the allegations set forth in Paragraph 55 of the FAC,

12 Defendant denies each and every allegation set forth therein.

13            ## FIRST AFFIRMATIVE DEFENSE

14                 (Failure to State A Claim)

15      56.    The FAC and each and every purported claim for relief therein fail to

16 state facts sufficient to constitute a claim for relief against the Defendant.

17            ## SECOND AFFIRMATIVE DEFENSE

18                    (Abandonment)

19      57.    The FAC and each and every purported claim for relief set forth

20 therein are barred to the extent SG has abandoned the claimed trademarks.

21            ## THIRD AFFIRMATIVE DEFENSE

22                     (Generic Mark)

23      58.    The FAC and each and every purported claim for relief set forth

24 therein are barred to the extent SG's claimed trademark is generic.

25 / / /

26 / / /

27 / / /

28 / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

## FOURTH AFFIRMATIVE DEFENSE

### (Functionality)

59.    The FAC and each and every purported claim for relief set forth therein are invalid and unenforceable under the doctrine of functionality and/or aesthetic functionality.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Secondary Meaning)

60.    The FAC and each and every purported claim for relief set forth therein are barred because SG's alleged trade dress has not acquired secondary meaning.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

61.    SG is estopped from asserting each and every claim for relief contained in the FAC, and such estoppel bars SG from obtaining any recovery, equitable or otherwise, sought in the FAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Enforceability of Trademark)

62.    Each and every claim for relief asserted by SG in the FAC fails to the extent SG has no enforceable rights in the claimed trademark.

## EIGHT AFFIRMATIVE DEFENSE

### (Fair And/Or Nominative Use)

63.    SG's claims are barred because this Defendant alleges that its use of the purported trademark, if any, constituted fair and/or nominative use.

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

**NINTH AFFIRMATIVE DEFENSE**

(Absolute Bar)

64.    SG's claims are barred by the California Supreme Court's ruling in Stop Youth Addiction, Inc. v. Lucky Stores, Inc., 17 Cal.4th 553, 566 (1998), that "the UCL cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law."

**TENTH AFFIRMATIVE DEFENSE**

(Bad Faith and Harassment)

65.    Defendant is informed and believe, and thereon allege, that neither SG's FAC, nor any purported claim for relief set forth therein, was brought in good faith, nor is it well grounded in fact or warranted by existing law, and further allege that the FAC was filed for improper purposes, including harassment of the Defendant, all in violation of Rule 11 of the Federal Rules of Civil Procedure. Defendant will therefore seek appropriate sanctions, including an order that SG and/or SG's counsel be ordered to pay Defendant's attorney's fees and costs incurred in defending this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

66.    SG, by its acts, conduct and/or omissions, has waived any and all of its rights to pursue the claims raised in the FAC against the Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

67.    SG, by its acts, conduct and/or omissions, is barred from pursuing the claims raised in the FAC against Defendant by the equitable doctrine of unclean hands.

/ / /

/ / /

/ / /

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

(Unjust Enrichment)

3    68.    Defendant is informed and believes and based thereon alleges that SG

4  is barred from recovery because allowing any recovery would result in SG's unjust

5  enrichment.

6

### FOURTEENTH AFFIRMATIVE DEFENSE

7

(Failure To State A Claim For Punitive Damages)

8    69.    The FAC and each and every purported claim for relief therein fail to

9  state facts sufficient to support a claim for punitive damages against the Defendant.

10

### FIFTEENTH AFFIRMATIVE DEFENSE

11

(Unconstitutionality of Punitive Damages)

12    70.    Defendant alleges that the statute(s), code section(s) or other law

13  under which Plaintiff's claims to punitive damages are apparently made, if

14  applicable in this action, are invalid on their face or as applied to these Answering

15  Defendants pursuant to Article I, Section 10; Article IV. Section 2; and the First,

16  Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States

17  Constitution; and Article I, Sections 7, 9, 15, and 17; and provisions of applicable

18  State Constitutions.

19

### SIXTEENTH AFFIRMATIVE DEFENSE

20

(Adequate Remedy At Law)

21    71.    Defendant alleges that SG's claims for injunctive relief are barred in

22  light of the fact that SG has an adequate legal remedy.

23

### SEVENTEENTH AFFIRMATIVE DEFENSE

24

(Unreasonableness of Plaintiff)

25    72.    Defendant is informed and believes, and thereon alleges, that SG has

26  acted unreasonably in the prosecution of its claim.

27  / / /

28  / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

(No Proximate or Legal Cause)

3      84.    Defendant is informed and believes, and thereon alleges, that the acts

4   and/or omissions alleged to have been committed by Defendant, were not the cause

5   in fact, proximate cause, or legal cause of any damage complained of in SG's FAC.

6

## NINETEENTH AFFIRMATIVE DEFENSE

7

(First Amendment And/Or Article I Section 2(a) of California Constitution)

8      85.    SG's claims are barred in whole, or in part, by the First Amendment

9   to the Constitution of the United States of America and/or Article I, Section 2(a) of

10   the Constitution of the State of California.

11

## TWENTIETH AFFIRMATIVE DEFENSE

12

(Lack of Standing)

13      86.    SG's claims are barred in whole, or in part, due to SG's lack of

14   standing to assert any and all of its claims against Defendant.

15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

16

(No Use In Commerce)

17      87.    SG's claims are barred in whole, or in part, because SG cannot

18   establish that Defendant used SG's trademark(s) in commerce.

19

## TWENTY-SECOND AFFIRMATIVE DEFENSE

20

(Right to Assert Additional Defenses)

21      88.    Defendant alleges that Plaintiff failed to describe the claims for relief

22   with sufficient particularity so as to enable Defendant to determine all of its legal,

23   contractual and equitable rights.   As such, Defendant reserves the right to amend

24   and/or supplement the averments of this Answer and Affirmative Defenses, and

25   raise and assert all pertinent defenses ascertained through investigation, and after

26   discovery has begun and additional facts and information become available.

27   / / /

28   / / /

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA  90071

## **PRAYER**

Wherefore, Defendant God's Girls, LLC prays for relief as follows:

1.    That SG takes nothing by its FAC, and that judgment be entered in favor of Defendant as to each and every purported claim for relief set forth therein;

2.    That Defendant be awarded its costs of suit incurred herein;

3.    That Defendant be awarded its actual attorney's fees incurred herein, to the extent recoverable under law; and

4.    For such other and further relief as this Court deems just and proper.


Dated: May 9, 2008                     GARY J. LORCH
                                       AARON P. RUDIN
                                       GORDON & REES LLP


                                       By:_____ / S / _____
                                                 AARON P. RUDIN
                                       Attorneys for Defendant GOD'S GIRLS LLC

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

GOGI/1050841/5646860v.1

-13-

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
**CASE NO. CV 08-1873 ODW (JWJx)**